CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUN 08 2017
JULIA C. DUDLEY, CLERK
BY: s/H. McDonald
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 4:05-cr-000 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **WILLIE JUNIOR MCCAIN,** | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Willie Junior McCain, a federal inmate, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his 250-month sentence following a guilty plea. McCain asserts that he no longer qualifies as an armed career criminal under the Armed Career Criminal Act ("ACCA") because his predicate convictions no longer support such a designation. The government filed a motion to dismiss, and the time within which McCain had to respond has expired, making this matter ripe for disposition. After careful review of the record, and in light of Johnson v. United States, 135 S. Ct. 2551 (2015), the court will grant McCain's § 2255 motion, ECF No. 90, and deny the government's motion to dismiss, ECF No. 98.

**I.**

On April 7, 2005, McCain was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). McCain pleaded guilty pursuant to an oral plea agreement. ECF No. 35.

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended that McCain be designated an armed career criminal based on three prior North Carolina convictions: common law robbery, breaking and entering and robbery with a dangerous weapon. PSR ¶ 22, 23 and 26, ECF No. 88. Because of this designation, he had a total offense level of 32 and a criminal history category of VI, resulting in a sentencing range of 210 to 262

months' incarceration.  Id. ¶ 60.  Without the armed career criminal enhancement, McCain would have faced a statutory maximum of ten years' incarceration.  I adopted the PSR and sentenced McCain to 250 months' imprisonment.  Judgment at 2, ECF No. 39.  McCain did not appeal.  Following his conviction, he filed numerous § 2255 motions, ECF Nos. 57, 63, 73, 84, all of which were dismissed, ECF Nos. 59, 65, 75, 86.  Prior to filing his most recent § 2255 motion, McCain received authorization from the United States Court of Appeals for the Fourth Circuit to file a successive petition.  Notice at 1, ECF No. 89.

In this § 2255 motion, McCain alleges that following the Supreme Court's ruling in Johnson, his North Carolina predicate convictions can no longer support his enhanced sentence under the ACCA.  The court appointed the Federal Public Defender's Office to represent McCain, although it declined to provide supplemental briefing.  Notice of Non-filing, ECF No. 93.

**II.**

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  When a petitioner already has filed a § 2255 motion, he may obtain relief in a second or subsequent petition by establishing that "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," invalidates his sentence.  Id. § 2255(h).  McCain bears the burden of proving grounds for a collateral attack by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

**III.**

**A. The ACCA Enhanced Sentence Structure**

McCain challenges the viability of the predicate offenses used to support his status as an armed career criminal. Federal law prohibits convicted felons from possessing firearms. 18 U.S.C. § 922(g). Defendants who violate this law are subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when defendants convicted of a § 922(g) charge have three or more prior convictions for "serious drug offenses" or "violent felonies," they qualify as armed career criminals under the ACCA. Armed career criminals face an increased punishment: a statutory mandatory minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1).

In Johnson, the Supreme Court invalidated part of the definition of "violent felony" under the ACCA. 135 S. Ct. at 2563. The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court reviewed the second part of subsection (ii) of the violent felony definition. It concluded that the clause, known as the "residual clause," which provides, "or otherwise involves conduct that presents a serious potential risk of physical injury to another," was unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court did not, however, strike down the other portions of the violent felony definition, which includes subsection (i), known as the "force clause," and the first part of subsection (ii), delineating

specific crimes, known as the "enumerated crimes clause." Johnson, 135 S. Ct. at 2563 (noting that other than the residual clause, the Court's holding "d[id] not call into question . . . the remainder of the [ACCA's] definition of a violent felony"). Therefore, following Johnson, prior convictions that qualified as "violent felonies" under the residual clause can no longer serve as ACCA predicates. The Supreme Court's decision in Johnson announced a new rule of constitutional law that applies retroactively to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Because the court concludes that McCain is no longer an armed career criminal following Johnson, he is entitled to relief.

### B. Timeliness of Petition

A petition under § 2255 must adhere to strict statute of limitations requirements. Generally, a petitioner must file a § 2255 motion within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). However, the statute allows for an additional one-year limitations period from the date on which the Supreme Court recognizes a new right made retroactively applicable on collateral review. Id. at § 2255(f)(3).

McCain filed his § 2255 motion on June 17, 2016, more than one year from the date of his final judgment in 2006. Accordingly, his motion is untimely under § 2255(f)(1). However, the Fourth Circuit has held that a § 2255 motion is timely if the petitioner establishes that the sentence received "may have been predicated on application of the now-void residual clause and, therefore, may be [] unlawful." United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017). McCain alleges that his predicate convictions no longer qualify as violent felonies following Johnson based, in part, on the now-unconstitutional residual clause. § 2255 Mot. at 7. Because McCain's sentence "may have been predicated" on the residual clause, he has "shown that he relies on a new rule of constitutional law," such that he satisfies the requirements of 28 U.S.C. §

2255. Winston, 850 F.3d at 682 (internal quotation marks omitted). Therefore, I must conclude that McCain's petition is timely under § 2255(f)(3) as he filed it within one year of the Supreme Court's decision in Johnson, 135 S. Ct. 2551, which issued on June 26, 2015. Id.

**C. Predicate Offenses and the ACCA**

McCain challenges his status as an armed career criminal, arguing that he no longer has three qualifying violent felonies to support his enhanced sentence. One of the three predicate offenses supporting McCain's ACCA enhancement was a North Carolina conviction for common law robbery. The Fourth Circuit has concluded that a North Carolina conviction for common law robbery cannot support an ACCA enhanced sentence following Johnson because such a conviction can result without the use of violent force, as required under the force clause of the ACCA, and can no longer qualify as a violent felony under the residual clause. United States v. Gardner, 823 F.3d 793, 804 (4th Cir. 2016).

The government concedes that McCain's common law robbery conviction can no longer support his armed career criminal designation. Resp. at 2, 5, ECF No. 98. Because the case law is clear that North Carolina common law robbery cannot support an ACCA enhanced sentence— one of three predicates necessary to support McCain's ACCA sentence—I conclude that McCain is entitled to relief.[1]

**IV.**

McCain no longer qualifies as an armed career criminal and is entitled to resentencing. Therefore I will grant McCain's motion to vacate and deny the government's motion to dismiss. An appropriate order will be entered this day.

---

[1] Because I conclude that McCain's North Carolina common law robbery conviction no longer supports his armed career criminal designation, I need not determine the viability of his other predicate conviction for ACCA purposes.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Petitioner and all counsel of record.

**ENTERED** this 8th day of June, 2017.

                                        s/Jackson L. Kiser
                                        SENIOR UNITED STATES DISTRICT JUDGE